## SMITH v GREEN TOWNSHIP BD OF ED

Ohio Appeals, 4th Dist. Scioto Co
Decided December 23, 1929

Messrs. L. R. Andrews, Ironton, and Wm. J. Meyer, Portsmouth, for Smith.

Messrs. Miller & Searl, Portsmouth, for Bd of Ed.

**MIDDLETON, PJ.**

The right to bring an action of this kind is now fully recognized and is well stated by Judge Marshall in **Sargent v City of Cincinnati, 110 OS. 444, 451.**

It has long been the settled rule in this state that courts will not interfere with acts of a legislative character by public organizations authorized by law to perform the same. In respect to boards of education it is held in **Brannon v Board of Education, 99 OS. 369,** that

(Here follows quotation)

The cases cited state the general rule and the exception thereto. It is only when there has been a manifest abuse of the power and authority of a board of education in cases of this kind that a court of equity will interfere to restrain its action.

We have given the evidence very careful consideration. Some of the witnesses indicate prejudice, as is usually the case in controversies of this kind. There is, of course, a difference of opinion among the witnesses who testified. We regard the testimony of two members of the defendant board, Lang and Gerlach, as reasonably fair and given without prejudice or passion. Their testimony not only establishes the necessity for the appropriation of the property in question but the propriety of the selection of the same for the purposes it is sought. There is nothing in the testimony of the other witnesses that makes it manifest that under the facts stated by the witnesses named there was any abuse of their power or that of the remaining members of the board. It appears in the testimony that the action of the board in the matter of the selection of the property was unanimous.

It appears from the evidence that two tracts of land are available to the board for enlarging the grounds of the school, one tract is that involved in the instant case and the other tract is owned by a member of the board, G. W. Means. We can not escape the conclusion that to some extent this proceeding is inspired by a personal feeling against Means. Be that as it may, it is well to consider what might follow under these circumstances if this court should restrain the defendant board from procuring the property of the plaintiff under the theory that from the evidence the Means property is the most available. Means would not be bound by any judgment of that kind and in an appropriation proceeding against him he would have the right to raise the same question and assert that the property of the plaintiff or that of some other land owner in the vicinity was the most available. It is certainly apparent that the right and power to make the selection of property must be fully and finally vested in the board of education and when exercised should stand unless it is manifestly wrong and unwarranted.

The law guarantees to the plaintiff full compensation for her property and the

payment of her damages. If she is to suffer, as she claims, a great loss by reason of the appropriation of her property she has an adequate remedy at law.

The petition is dismissed.

Mauck and Blosser, JJ., concur.